**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ronald Daniel Masters, )  No.  CV-25-02734-PHX-SPL
                       )
        Plaintiff,     )
                       )  **ORDER**
vs.                    )
                       )
TG Administration LLC, et al., )
                       )
        Defendants.    )
                       )

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended and Supplemental Pleading (Doc. 18), Plaintiff's Response (Doc. 21), and Defendants' Reply (Doc. 22). Having considered the parties' briefing, the Court now rules as follows.[1]

## I.    BACKGROUND

On February 17, 2023, Defendant Josh Brown hired Plaintiff as an Assistant Golf Professional at the Westin Kierland Golf Club. (Doc. 14 at 1, 3[2]). Plaintiff's pay rate was $17.50 per hour. (*Id.* at 1). At some point during his employment, Plaintiff informed Defendants Josh Brown and Nancy Dickens that he was not being paid the applicable

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] The Court may consider the exhibit attached to the Amended Complaint without converting Defendants' Motion to Dismiss into a motion for summary judgment. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

minimum wage, nor was he being paid his earned tips. (*Id.*). In response, Defendants Brown and Dickens allegedly reduced Defendant's scheduled number of workdays, excluded Plaintiff from daily meetings, and gave Plaintiff two written warnings. (*Id.*).

On August 1, 2025, Plaintiff filed a Complaint against Defendants for retaliation and failure to pay minimum wage. (Doc. 1). Plaintiff later filed an Amended and Supplemental Pleading ("Amended Complaint"), (Doc. 14), which Defendants have moved to dismiss for failure to state a claim for relief, (Doc. 18).

## II.    LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at \*1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) ("Rule 12(b)(6) provides the one and only method for testing whether" pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 598–99 (7th Cir. 2006) ("Rule 12(b)(6) does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at \*1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.    DISCUSSION

As an initial matter, it appears that Plaintiff intended the Amended Complaint to serve as a supplement to the Complaint. (Doc. 14). An amended complaint, however, supersedes the original complaint and prior amended complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will therefore treat the Complaint (Doc. 1) as nonexistent. *See id.*

Now addressing the instant Motion, Defendants argue the Amended Complaint must be dismissed as Plaintiff "fails to clearly articulate the elements of any claim," (Doc. 22 at 3), and Plaintiff's retaliation claim under the Arizona Employment Protection Act ("AEPA") cannot be premised on alleged violations of the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA"). (Doc. 18 at 3–6). Although Plaintiff does not directly address Defendants' arguments[3], Plaintiff argues that there is sufficient cause of action under both the FLSA and the AEPA, and Plaintiff presents ample evidence to show his complaint to Defendants Brown and Dickens played a role in his termination.[4] (Doc. 21 at 2–4).

It appears that Plaintiff attempts to bring a retaliation claim against Defendants, but it is unclear under which statute or statutes Plaintiff brings his claim, let alone who the claim is asserted against. (*See* Doc. 14 at 1–2); *see also Glasco v. Biden*, No. CV 23-00202

---

[3] Plaintiff's failure to substantively address Defendants' arguments provides grounds to grant Defendants' Motion. *See Panaccione v. Aldonex Inc.*, No. CV-19-04483-PHX-DLR, 2021 WL 268781, at *3 (D. Ariz. Jan. 27, 2021) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument." (citation omitted)); *Mendoza v. City of Peoria*, No. CV-13-00258-PHX-DJH, 2015 WL 13239816, at *4 (D. Ariz. July 31, 2015) (construing Plaintiff's "silence" on an argument as a concession). The Court, nonetheless, finds the arguments well taken.

[4] To the extent Plaintiff introduces new factual allegations in his Response, (Doc. 21 at 1–2), the Court may only consider the factual allegations in the FAC. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

PHX CDB, 2023 WL 2794849, at *1 (D. Ariz. Mar. 14, 2023), *report and recommendation adopted*, No. CV-23-00202-PHX-CDB, 2023 WL 2787810 (D. Ariz. Apr. 5, 2023) ("It is the duty of Plaintiff to articulate his claim and the legal theory under which his claim is brought, and neither the Court nor the Defendants are required to try to decipher what claim(s) Plaintiff is asserting."); *Hillis v. Nat'l Ass'n of Realtors*, No. CV-21-08194-PHX-SPL, 2022 WL 2341224, at *2 (D. Ariz. June 29, 2022) ("A pleading 'without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs[ ] fails to perform the essential functions of a complaint.'" (alteration in original) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996))). Plaintiff offers little detail about the alleged conduct that led to this claim, and the Court cannot be left to guess "what role each Defendant played in the alleged harm." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (citation omitted). Therefore, the Court finds the Amended Complaint fails to state a claim for relief. The Court will not address Defendants' remaining arguments.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss (Doc. 18). The Amended Complaint fails to articulate any claim for relief, and its dismissal is both warranted and necessary. District courts, however, should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that additional facts could cure Plaintiff's claim, leave to amend is appropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

The Second Amended Complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim, and a good faith demand for the relief sought. *See* Fed. R. Civ. P. 8(a)(1)–(3). "Where a complaint contains the factual elements of a cause, but those elements are

scattered throughout the complaint without any meaningful organization, the complaint does not set forth a 'short and plain statement of the claim' for purposes of Rule 8." *Krikorian v. Bank of Am.*, No. CV-20-02274-PHX-DWL, 2021 WL 1338325, at *3 (D. Ariz. Apr. 9, 2021) (quoting *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988)).

Plaintiff is advised that a Second Amended Complaint will supersede the original Complaint and the Amended Complaint. *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and the Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised therein that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

The Court also reminds Plaintiff that he must comply with all Local Rules and Federal Rules of Civil Procedure, including Federal Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Local Rule 7.1's instructions regarding forms of papers.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **granted.** The Amended and Supplemental Pleading (Doc. 14) is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint curing the defects identified in this Order by **August 20, 2026**. If Plaintiff does not do so, the action will be dismissed without further notice.

Dated this 20th day of July, 2026.

Honorable Steven P. Logan
United States District Judge

5